IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULISSA RUBIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00660-K (BT) |
| | § | |
| WINGSTOP GSR RESTAURANT, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation recommending that the plaintiff's federal employment discrimination claims be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B) and that the Court decline to exercise supplemental jurisdiction over any state-law claims. Doc. 6. Specifically, with respect to the plaintiff's claim under the False Claims Act (FCA), 31 U.S.C. § 3729, the Magistrate Judge found that the plaintiff could not, as a pro se party, bring a qui tam relator action and that she failed to state an FCA retaliation claim. The Magistrate Judge similarly found that the plaintiff's retaliation claims under the Sarbanes Oxley Act (SOA), federal criminal law, and the First Amendment were meritless. *Id.* at 3-7.

In response to the FCR, the plaintiff filed an amended complaint and other documents. Docs. 7, 9, 10, 11, 12. The Court has reviewed the FCR de novo in

accordance with 28 U.S.C. § 636(b)(1) and has also considered the plaintiff's amended complaint and other documents under 28 U.S.C. § 1915(e)(2). The Court agrees with the Magistrate Judge that the plaintiff fails to state a claim upon which relief can be granted.

With respect to the amended complaint, the plaintiff does not include any new allegations that make an FCA, SOA, or First Amendment claim plausible. For the reasons stated in the FCR, those claims are meritless.

The plaintiff purports to allege new federal claims under 41 U.S.C. § 4712 of the "U.S. (b) Whistleblower Act of 1989 Protection Act," OSHA, and the National Labor Relations Act (NLRA). Doc. 7 at 2. However, she fails to plausibly allege a cause of action under any of these statutes.

41 U.S.C. § 4712, which is a part of the National Defense Authorization Act (NDAA), "prohibits any recipient of federal dollars from retaliating against whistleblowers who report an abuse of that money." *Texas Educ. Agency v. United States Dep't of Educ.*, 992 F.3d 350, 353 (5th Cir. 2021). The plaintiff does not allege that her employer, Wingstop, was receiving federal funding under the NDAA or that it took adverse action against her for reporting abuse of federal funds. She alleges instead that she was retaliated against for "speaking up for another employee and for myself." Doc. 9 at 3.

As for an OSHA claim, OSHA does not create a private right of action for employees, so the plaintiff's OSHA claim is meritless. *See, e.g., Jeter v. St. Regis Paper*

2

*Co.*, 507 F.2d 973, 977 (5th Cir. 1975); *Hoeft v. Dommisse*, 352 F. App'x 77, 80 (7th Cir. 2009) ("Only the Secretary of Labor may sue to enforce [OSHA], which does not provide individual employees with any express or implied right of action").

Next, the NLRA provides employees with "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection…" 29 U.S.C. § 157. The Act also places liability on employers who conduct "unfair labor practices." *See* 29 U.S.C. § 158(a). As for retaliation, the NLRA provides that it is an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee" in retaliation for that employee's filing of unfair labor practice claims with the National Labor Relations Board." *See* 29 U.S.C. § 158(a)(4). The plaintiff does not allege that she filed a claim with the NLRB. Therefore, any NLRA retaliation claim is meritless.

And, to the extent that the plaintiff's filings could be construed as asserting a retaliation claim under the Civil Rights Act of 1964 or the Americans with Disabilities Act of 1990, such claims lack merit because the plaintiff has not plausibly alleged that she engaged in protected activity under those statutes.

Finally, because the plaintiff fails to state a federal claim, the Court, for the reasons set out in the FCR, declines to exercise jurisdiction over any state-law claims that the plaintiff raises. *See* 28 U.S.C. § 1367(c).

3

By separate judgment, the plaintiff's case will be **DISMISSED**.

SO ORDERED.

**Signed April 30th, 2024.**

_____
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**