IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULISSA RUBIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00660-K (BT) |
| | § | |
| WINGSTOP GSR RESTAURANT, ET AL. | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Julissa Rubio, proceeding *in forma pauperis*, filed this employment discrimination action against her former employer, "Wingstop GSR Restaurant," her former general manager at Wingstop, and her former supervisor at Wingstop. The Court accepted the findings, conclusions, and recommendation of the United States magistrate judge, dismissed Rubio's federal claims with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted, and dismissed her state-law claims without prejudice to her ability to pursue them in state court. Docs. 18, 19. Rubio then filed a notice of appeal, and the case is currently on appeal. Docs. 20, 22.

After filing the notice of appeal, Rubio filed a document that appears to be a proposed amended complaint. *See, e.g.*, Doc. 30.

To the extent that this document could be construed as a motion to amend, the notice of appeal "divests the district court of jurisdiction …over any further matters for

[this] action, 'except in aid of the appeal or to correct clerical errors.'" *United States v. Pena*, 713 F. App'x 271, 272 (2017) (per curiam) (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)). Rubio fails to show that her motion to amend either facilitates the appeal or seeks to correct any clerical error. Therefore, the Court **DENIES** the construed motion to amend (Doc. 30) without prejudice to re-filing after the Fifth Circuit's disposition of the appeal. *See, e.g., Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) (explaining that the district court lacked jurisdiction to rule on a motion to amend a complaint after a notice of appeal was filed); *May v. Sheahan*, 226 F.3d 876, 880 (7th Cir. 2000)) (holding that the district court could not grant a motion to amend the complaint while interlocutory appeal was pending).

SO ORDERED.

Signed August 6th, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE