IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULISSA RUBIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00660-K (BT) |
| | § | |
| WINGSTOP GSR RESTAURANT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Julissa Rubio, proceeding *in forma pauperis*, filed this employment discrimination action against her former employer, "Wingstop GSR Restaurant," her former general manager at Wingstop, and her former supervisor at Wingstop. The Court accepted the findings, conclusions, and recommendation of the United States magistrate judge, dismissed Rubio's federal claims with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted, and dismissed her state-law claims without prejudice to her ability to pursue them in state court. Docs. 18, 19. Rubio then filed a notice of appeal, but the Fifth Circuit dismissed the appeal for want of prosecution. Docs. 20, 37. Rubio now asks the Court to "reopen" her case, "reinstate" her claims, and "reconsider" dismissing her lawsuit. Docs. 42, 44, 45.

The Court evaluates a motion seeking reinstatement of a case or relief from judgment either as a motion to "alter or amend a judgment" under Rule 59(e) or as a

1

motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The Court determines the applicable rule based on the time of filing. *Id*. If the movant filed the motion within twenty-eight days after the entry of judgment, the Court analyzes it under Rule 59(e), and if the movant filed the motion outside of that time, the Court analyzes it under Rule 60(b). *Id*. Because Rubio filed her motions seeking reinstatement of her case well after the April 30, 2024 entry of final Judgment, the Court considers the motions under Rule 60(b).

Federal Rule of Civil Procedure 60(b) sets forth the grounds upon which a court may grant relief from a final judgment, order or proceeding:

> On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

2

The Fifth Circuit has emphasized that the concepts of justice and equity should drive the decision to set aside a previous judgment and that the decision is directed to the sound judgment of the district court. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401-02 (5th Cir. 1981). "Rule 60(b) is 'a grand reservoir of equitable power to do justice in a particular case,' 'that may be tapped by the district court' in exercising its discretion." *Id*. at 402 (quoting *Menier v. United States*, 405 F.2d 245, 248 (5th Cir. 1968)). This rule inherently is intended to balance the finality of judgments with the "'incessant command of the court's conscience that justice be done in light of all the facts.'" *Id*. at 401 (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 766 (5th Cir.), cert. denied, 399 U.S. 927 (1970)).

    Rule 60(b)(6) provides broad equitable powers to a court to set aside a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see id*. at 642. This equitable power permits the court "to do justice in a particular case when relief is not warranted" under any other clause of Rule 60(b). *Id*. at 642 (quoting *Harrell v. DCS Equip. Leasing Corp*., 951 F.2d 1453, 1458 (5th Cir. 1992)).

Further, the Fifth Circuit has set forth several factors for a court to consider in deciding a Rule 60(b) motion: "(1) [t]hat final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was default or a dismissal in which there was no consideration of the merits the interest in deciding

cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits where the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack." *Seven Elves*, 635 F.2d at 402.

The Court finds that, even when liberally construed, Rubio's motions do not meet the standards of any provision of Rule 60(b). Rubio fails to establish any mistake, inadvertence, surprise, or excusable neglect that warrants relief from judgment under Rule 60(b)(1); nor does she point to new evidence or any fraud, misrepresentation, or misconduct by an opposing party that would entitle her to relief under Rule 60(b)(2) or (b)(3). Rubio fails to show the judgment is void, that it has been satisfied, released or discharged, or that it is based on an earlier judgment that has been reversed or vacated, such that relief under Rule 60(b)(4) or (b)(5) is appropriate. And Rubio further fails to identify any "extraordinary circumstances" that justify relief under the "catch-all" provision, Rule 60(b)(6). Rubio merely rehashes old arguments and asserts the Court was wrong to dismiss her claims. Her voluminous submissions do not show she can amend any of her previously asserted federal claims to state a plausible cause of action.

Rubio also is mistaken in suggesting that the Court dismissed her claims after judicial screening "confirming it was neither frivolous nor insubstantial." Doc. 45.

Rather, as a result of judicial screening under 28 U.S.C. § 1915(e), the Court determined that Rubio failed to state a claim under the federal statutes identified in her complaint and other filings submitted prior to the entry of judgment. Doc. 18. The Court declined to consider the merits of her state-law claims and denied those claims without prejudice to her ability to pursue them in state court. To the extent Rubio wants to pursue her state law claims or any new claims, she must file a new lawsuit.

Because Rubio has failed to show she is entitled to relief under Rule 60(b), the Court DENIES her pending motions (Docs. 42, 44, 45).

**SO ORDERED.**

Signed January 6th, 2026.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE